IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02848-GPG

DALE JUSTIN HUDDLESTON,

    Applicant,

v.

JOHN SUTHERS, Colorado Attorney General or present,
CYNTHIA COFFMAN,
COLORADO PAROLE BOARD,
COLORADO DEPARTMENT OF CORRECTIONS, and
JASON LENGERICH, Warden of Buena Vista Correctional Complex,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Dale Justin Huddleston, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Huddleston has filed *pro se* a pleading titled "Notice of Appeal of Denial of Habeas Corpus" (ECF No. 1).  He states he is appealing from a Colorado Supreme Court order affirming the denial of a state petition for writ of habeas corpus.  The court must construe the pleading liberally because Mr. Huddleston is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

    Mr. Huddleston contends he is imprisoned illegally in violation of his constitutional rights and that Respondents have misapplied the law to his prison sentence.  The court construes the pleading liberally as an application for a writ of habeas corpus because Mr.

Huddleston may not appeal to a federal district court from a state court decision. However, it is not clearly what type of habeas corpus claims Mr. Huddleston seeks to assert. If he seeks to challenge the validity of a state criminal conviction or sentence, his claims properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). If he seeks to challenge the execution of his sentence, his claims properly are asserted pursuant to 28 U.S.C. § 2241. *See id.*

Regardless of the statutory authority for the habeas corpus claims Mr. Huddleston intends to assert in this action, the pleading is deficient because he fails to assert any claims for relief that identify the constitutional rights allegedly violated and he fails to allege specific facts in support of his claims that demonstrate how his constitutional rights have been violated. Habeas corpus relief is warranted only if Mr. Huddleston "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action even if Mr. Huddleston is challenging the execution of his sentence pursuant to § 2241, he must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim. Although the court must construe the pleading liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

For these reasons, Mr. Huddleston must file an amended pleading if he wishes to pursue any claims in this habeas corpus action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Huddleston will be directed to file his amended pleading on the court-approved form. Mr. Huddleston also is advised that the only proper respondent to a habeas corpus action is his custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Huddleston file an amended pleading on the proper form that provides a clear statement of the federal constitutional claims he is asserting. It is

FURTHER ORDERED that Mr. Huddleston shall obtain the appropriate, court-approved pleading form (with the assistance of his case manager or the facility's

legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Huddleston fails within the time allowed to file an amended pleading on the proper form that complies with this order, the action will be dismissed without further notice.

DATED January 26, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge